By the Court.
 

 Relatrix filed her petition in this court seeking a writ of prohibition against the respondents, who are the common pleas judges of Franklin county, restraining them from carrying out and enforcing certain orders and decrees. The cause was submitted upon demurrer to the petition, together with a statement of certain facts stipulated by counsel for the parties, the material and essential ones being substantially as follows: On August 20, 1924, a divorce was granted to relatrix by the court of common pleas of Franklin county in a case then pending therein, and she was awarded the care, custody, education, and control of the two minor children; the defendant in that action,’ Claude T. Wade, being required to pay plaintiff a sum therein specified each month for the support and maintenance of herself and minor children. Thereupon the court of common pleas
 
 *488
 
 certified such order to the juvenile court of Franklin county for further proceedings according to law.
 

 On January 16, 1925, the court of common pleas made and entered a decree wherein it revoked the order of August 20, 1924, respecting the custody of the minor children, and ordered them placed in the custody of their paternal and maternal grandparents, all residing in the state of Indiana, during alternate periods of six months, until the further order of the court, and directed the defendant in that action to pay the said grandparents for the children’s support a less sum than required by the former order. On April '24, 1925, the court of common pleas overruled the motion of plaintiff, filed February 6, 1925, seeking a vacation of the order last referred to on the ground that under the provisions of Section 8034-1, General Code (110 Ohio Laws, p. 127), the court was without jurisdiction to hear and determine the question of custody of the minor children after having certified the matter to the juvenile court of Franklin county, and for the further reason that the court exceeded its jurisdiction and authority by placing the children in the custody of nonresidents of the state and permitting them to go beyond the jurisdiction of the court.
 

 A petition in error was thereupon filed in the Court of Appeals of Franklin county by the plaintiff to reverse the judgment of the court of common pleas in overruling her motion to vacate the judgment complained of, which proceeding is now pending in the Court of Appeals. The plaintiff also filed in the Court of Appeals of Franklin county an original petition for a writ of prohibition, being
 
 *489
 
 the same as the instant proceeding in this court, but the issuance of an alternative writ of prohibition was refused, and the petition was dismissed upon the ground that the proper remedy was by prosecution of a proceeding in error.
 

 Two significant and unusual facts are apparent. First, at the time of the institution of the action in this court for a writ of prohibition to restrain the common pleas court from enforcing the order made by it January 16, 1925, a proceeding in error from the same judgment had been brought by the relatrix and was then pending in the Court of _ Appeals. Second, prior to the institution of this action for a writ of prohibition relatrix had instituted in the Court of Appeals an original action for a writ of prohibition, being the same as the instant proceeding in this court, which alternative writ of prohibition was refused in that court and the petition dismissed.
 

 We therefore have a situation where the relatrix is proceeding in error in the Court of Appeals to review the judgment of the court of common pleas of which she complains, and subsequently, but while her proceeding in error is pending, brings an action to prohibit execution of the judgment of the court of common pleas, which, at the time, she is endeavoring by her proceedings in error to have reviewed and reversed by the Court of Appeals. \
 

 It is well settled that prohibition cannot be substituted for a proceeding in error, and that such writ should not be awarded where there is an adequate remedy at law. In this instance it is clear, not only that relatrix has an adequate remedy at law, in procuring a review of the judgment
 
 *490
 
 of the court of common pleas complained' of, but that she is pursuing that remedy by proseouting a proceeding in error.
 

 The mere fact, however, that the application of relatrix for an alternative writ of prohibition had been denied by the Court of Appeals would no! warrant the refusal of such writ by this court in an original suit here upon the ground that error could have been prosecuted from the action of the Court of Appeals in refusing such writ. The refusal to allow an alternative writ is not reviewable on error.
 
 State ex pel,
 
 v.
 
 Cappeller, And.,
 
 37 Ohio St, 121.
 

 For the reasons stated the writ is denied.
 

 Writ denied.
 

 Marshall, C. J., Jones, Matthias, Day, Allen and Kinkade, JJ., concur.
 

 Robinson, J., not participating.